**Affirmed and Memorandum Opinion filed January 31, 2012.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-10-01212-CR

**JUAN MANUEL MESTICO-RODRIGUEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause No. 1260041**

## MEMORANDUM OPINION

Appellant Juan Manuel Mestico-Rodriguez was charged by indictment with possession with intent to deliver a controlled substance, namely cocaine, weighing at least four hundred grams, and with using and exhibiting a deadly weapon. The jury found appellant guilty as charged in the indictment and sentenced appellant to twenty-seven and one-half years' incarceration and assessed a fine of $1.00. In his sole issue in this appeal, appellant claims his trial counsel rendered ineffective assistance of counsel. We affirm.

BACKGROUND

Anna Ortiz, a deputy investigator with the Harris County Sheriff's Office, began her investigation of appellant and his wife Maricela Recendez at the beginning of March 2009, when Ortiz received information that appellant and Recendez were involved in drug trafficking and were keeping narcotics in their home located at 3903 Mountain Rose Lane. Ortiz conducted surveillance of the house, observing surveillance cameras outside the house, which she explained is common for people who are dealing drugs out of their home. Ortiz also observed appellant's "comings and goings" from the house, which confirmed what she had learned of the residence.

On March 25, 2009, the Houston Police Department provided a canine unit to sniff outside the house. Subsequently, on that same day, Ortiz obtained and executed a search warrant for the house. Law enforcement recovered drugs, $5,200.00 in cash, a money counter, a digital video recording (DVR) from the home's surveillance system, and an AK-47. Substances recovered field-tested positive for the presence of cocaine and totaled approximately 4,100 grams or just over four kilos. Subsequent analysis by the Harris County Institute of Forensic Science confirmed there was over 400 grams of cocaine.

Excerpts from a DVR from the home's surveillance system on March 16, 2009, showed appellant sitting at a table unwrapping a "cookie" of what appeared to be crack cocaine and cutting into smaller pieces. Video excerpts from March 21, 2009, showed appellant with items that appeared similar to exhibits seized, which field tested positive for cocaine. The video also showed the individuals appellant gave the substances to were making crack cocaine or cutting the cocaine with another substance as he returned the items to a bedroom with a safe. The video further showed appellant retrieving a money counter from the master bedroom and using it to count a large quantity of cash, which he then stacked up. Video excerpts from March 22, 2009, showed appellant outside holding

a rifle with several other men who also had rifles. Later that day, appellant entered a room that contained a safe wherein the police found large quantities of cocaine. Video excerpts from March 24, 2009, showed appellant holding a plastic bag with a white substance, which appeared similar to two items of evidence seized containing cocaine.

Appellant testified that he moved into the home at 3903 Mountain Rose Lane when he married Recendez and had been living there for about five months when he was arrested. Appellant asserted that he learned Recendez was selling drug about a month-and-a-half after they were married, and claimed that he had never sold drugs before and slowly became involved in Recendez's drug business. Appellant further claimed that Recendez would call and tell him that someone was going to pick up something, and he was only "a delivery boy when people would come by the house[.]" Appellant also asserted that he never had any guns before he met Recendez, and the gun found under the bed belonged to her former husband.

The jury found appellant guilty of possession with intent to deliver at least 400 grams of cocaine and that he used or exhibited a deadly weapon, namely a firearm, during the commission of the offense. The jury assessed punishment at twenty-seven and one-half years' incarceration and a fine of $1.00. This appealed followed.

## ANALYSIS

In his sole issue on appeal, appellant claims that his trial attorney rendered ineffective assistance of counsel. Both the United States and Texas Constitutions guarantee an accused the right to assistance of counsel. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; *see also* TEX. CODE CRIM. PROC. ANN. art. 1.051 (West Supp. 2011). This right necessarily includes the right to reasonably effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prevail on an ineffective assistance claim, the appellant must show that (1) counsel's performance was deficient by falling below an objective standard of reasonableness, and (2) there is a reasonable probability, sufficient to undermine the confidence in the outcome, that but for counsel's

unprofessional errors, the result of the proceeding would have been different. *Cannon v. State*, 252 S.W.3d 342, 348–49 (Tex. Crim. App. 2008). The defendant must prove ineffectiveness by a preponderance of the evidence. *Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010).

Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions. *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011); *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); *see also Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) ("'[T]rial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective.'" (quoting *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003))). To overcome the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly founded in the record, and the record must demonstrate the alleged ineffectiveness. *Salinas*, 163 S.W.3d at 740. When the record is silent as to trial counsel's strategies, we will not conclude that counsel's performance was deficient "unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'" *Goodspeed*, 187 S.W.3d at 392 (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

Appellant claims his trial counsel was ineffective by failing to object to (1) the State's leading questions to Ortiz; (2) Ortiz's reference to the substance recovered as cocaine; (3) Ortiz's testimony that the firearm was a deadly weapon; and (4) the prosecutor's closing argument in which he told the jurors that they could view the surveillance video in its entirety.[1]

---

[1] The State showed excerpts of what the prosecutor referred to as two months of surveillance video.

These complaints were not raised in the trial court by motion for new trial. Because there was no motion for new trial hearing, the record is silent regarding trial counsel's reasons for not objecting to Ortiz's testimony and the State's closing argument. To find that trial counsel was ineffective based on these assertions would call for speculation about why counsel failed to object. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); *see also Tong v. State*, 25 S.W.3d 707, 714 (Tex. Crim. App. 2000) ("[W]ithout some explanation as to why counsel acted as he did, we presume that his actions were the product of an overall strategic plan.").

Based on this record, appellant has failed to rebut the strong presumption in favor of effectiveness of counsel, and we cannot conclude that counsel's performance was deficient. *See Lopez*, 343 S.W.3d at 143–44 (holding that the appellant failed to satisfy his burden to show deficient performance because the record was silent regarding counsel's reasons for failing to object and the appellant did not supplement the motion for new trial hearing record with additional information). We overrule appellant's sole issue.

Having overruled appellant's issue, we affirm the trial court's judgment.


/s/    Sharon McCally
Justice


Panel consists of Justices Brown, Boyce, and McCally.

Do Not Publish — TEX. R. APP. P. 47.2(b).

5